■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ISMAEL HADERXHANJI, by STEVE SANDLER, Respondent, v NEW YORK STATE BOARD OF PAROLE et al., Appellants. — Judgment, Supreme Court, Bronx County (Mazur, J.), entered August 31, 1983, which sustained petitioner's writ of habeas corpus to the extent of directing his release on parole "unless the Board of Parole affords [him] a new, complete and meaningful parole release hearing with an interpreter at the next available date", unanimously reversed, on the law, without costs or disbursements, and the writ dismissed. In conditionally sustaining the writ Trial Term assigned as its reasons the absence of an Albanian interpreter at petitioner's parole release hearing and the failure of the Parole Board to consider any factor other than the seriousness of the underlying offense. The record does not support these findings. The data sheet prepared for the Parole

Board's use set forth all the relevant factors which the board is required to consider. (See Executive Law, § 259-i, subd 1, par [a]; subd 2, par [c]; see, also, 9 NYCRR 8001.3, 8002.3.) These factors were discussed with petitioner at the hearing, and although not mentioned in its decision, the board is presumed to have considered them (see *Matter of Friedman v Hammock*, 80 AD2d 976, affd 54 NY2d 799; *Matter of Qafa v Hammock*, 80 AD2d 952). Whatever his language handicap the record discloses that petitioner understood and responded to the commissioner's questions and comments. In any event, even if the hearing were tainted by impropriety the validity of the judgment of conviction would remain unaffected since petitioner is incarcerated by virtue of a valid commitment. Where the legality of the detention is not subject to challenge, the detainee is not entitled to immediate release and, hence, habeas corpus is not available to him. (See, e.g., *People ex rel. Mendolia v Superintendent, Green Haven Correctional Facility*, 47 NY2d 779; *People ex rel. Lane v Vincent*, 32 NY2d 940.) For reasons already noted, however, had petitioner sought review of the board's determination through a CPLR article 78 proceeding the result would be the same. Concur — Kupferman, J. P., Sullivan, Silverman, Bloom and Alexander, JJ.