■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACQUELINE McCALOP, Appellant.—Harvey, J. Appeal from a

judgment of the County Court of Columbia County (Zittell, J.), rendered March 29, 1985, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the seventh degree and the violation of unlawful possession of marihuana.

In February 1984, defendant was charged with criminal possession of a controlled substance in the third degree, a felony, endangering the welfare of a child, a misdemeanor, and unlawful possession of marihuana, a violation. At trial, the court dismissed the charge of endangering the welfare of a child. The jury subsequently found defendant guilty of the marihuana violation and a lesser included offense of the felony charge, criminal possession of a controlled substance in the seventh degree, a misdemeanor. Defendant was sentenced to the maximum allowable jail period of one year for her conviction of the misdemeanor. Defendant appeals to this court alleging errors in sentencing.

We reject defendant's assertion that the presentencing report was inflammatory and prejudicial. Our review of the report reveals nothing so prejudicial as to warrant reversal of her sentence. Indeed, the only arguably inflammatory material in the presentencing report was expressly disregarded by the sentencing court.

Defendant's contention that it was error for the court not to disclose its reasons for imposing the maximum sentence is not supported by law. It is within the sentencing court's discretion whether or not to set forth on the record the reasons for the sentence imposed (see, CPL 380.50; Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 380.50, p 164). The court did not abuse its discretion in not elaborating on the factors it found relevant for sentencing purposes.

Defendant's contention that the sentence imposed was unduly harsh and excessive is without merit. The sentence imposed was legally permissible and defendant, who admitted to a $100-a-day heroin and cocaine habit, has failed to show a clear abuse of discretion by the court or any extraordinary circumstances justifying a modification of her sentence (see, People v Mabry, 101 AD2d 961, 963).

Judgment affirmed. Main, J. P., Casey, Weiss, Levine and Harvey, JJ., concur.