◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEF AYBINDER, Appellant. [626 NYS2d 150] —Judgment, Supreme Court, New York County (Jeffrey Atlas, J.), rendered November 17, 1993, convicting defendant, after a jury trial, of sodomy in the first degree, and sentencing him to a term of 5 to 15 years, unanimously affirmed.

Juror bias against two of the People's witnesses justifying the juror's discharge as grossly unqualified (CPL 270.35; *see, People v Buford,* 69 NY2d 290, 298), was provided by the juror's statements to the court that he was "upset" by an incident he observed during a break that left him with the impression that the witnesses were not taking the case seriously, and that he "would not evaluate [the two witnesses] the same" if they were recalled.

The juror's claim that his negative feelings concerning these two witnesses would affect his credibility determination only if they were recalled is illogical on its face, and the court's rejection of this artificial distinction did not constitute "speculat[ion] as to possible partiality of the juror" *(supra,* at 299).

In the circumstances of this case, the court properly admitted testimony of some details of the sexual assault given by the complainant to the police immediately after the assault,

rather than just the fact that a "prompt" complaint was made *(see, People v McDaniel,* 81 NY2d 10). The complainant's poor command of the English language necessitated that the police question her to find out what happened, and no details other than the nature of the act was elicited. In any event, testimony exceeding the scope of the "prompt outcry" exception was harmless *(see, People v Terrence,* 205 AD2d 301, 302, *lv denied* 84 NY2d 873).

Defendant's claim that the court's instruction on forcible compulsion altered the prosecution's theory by permitting the jury to find that the forcible compulsion was a threat, actual or implied, rather than actual physical force, is without merit, since neither the indictment, motion papers nor the prosecutor's opening statement limited the prosecution to the theory of actual physical force, and the evidence of both physical acts and threats warranted an instruction on both types of forcible compulsion.

We have considered defendant's remaining contentions and find them without merit. Concur—Ellerin, J. P., Wallach, Kupferman, Nardelli and Mazzarelli, JJ.