◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRENCE BODDIE, Appellant. [640 NYS2d 47] —Judgment, Supreme Court, New York County (Howard Bell, J.), rendered February 26, 1993, convicting defendant, after a jury trial, of four counts of rape in the first degree, five counts of sodomy in the first degree and two counts of sexual abuse in the first degree, and sentencing him to concurrent terms of 6 to 18 years on the rape and sodomy convictions, and 2 to 6 years on the sexual abuse convictions, unanimously affirmed.

Defendant's motion for a severance was properly denied as

defendant's claim of non-involvement in the incident was not inconsistent, let alone irreconcilable, with codefendant's claim that the sexual encounter was a consensual act between the complainant and only the codefendant (see, People v Mahboubian, 74 NY2d 174, 184). Unlike People v Figueroa (193 AD2d 452, lv denied 81 NY2d 1072), here, the defendant claiming non-involvement was not implicated by the defendant claiming consent, and thus, the jury could have credited both defenses.

The testimony of the treating doctor and the nurse concerning the victim's statements to them, that she had been raped and sodomized, was properly admitted since it was relevant to treatment and diagnosis (cf., People v Jackson, 124 AD2d 975, lv denied 69 NY2d 746), and did not exceed the scope of the prompt outcry exception (see, People v Aybinder, 215 AD2d 181, lv denied 86 NY2d 840). In any event, since the testimony had no logical bearing on the subject defense that defendant was not involved in the incident, any error was harmless (see, People v Terrence, 205 AD2d 301, lv denied 84 NY2d 873).

Since defendant has failed to provide an adequate record to establish that he was denied his right to be present at the announcement of codefendant's verdict and the response to a jury note, his claim is unreviewable (see, People v Kinchen, 60 NY2d 772; People v Arhin, 203 AD2d 62, lv denied 83 NY2d 908). Since the court stenographer never noted the presence of any of the defendants on trial except when they testified or addressed the court, the fact that defendant's presence was not noted during codefendant's verdict and the response to a jury note fails to raise any inference that defendant was absent during those portions of the proceedings. Moreover, since defendant's absence at the announcement of codefendant's verdict would not in any way impair his ability to defend the charges against him, it was not a material stage of the trial at which his presence was required (see, People v Keller, 215 AD2d 502).

The challenged remarks of the prosecutor in summation were fair comment on the evidence, and an appropriate response to defendant's trial strategy of distancing himself from codefendant and attacking the credibility of the victim based on her drug addiction (see, People v Galloway, 54 NY2d 396; People v Marks, 6 NY2d 67).

We perceive no abuse of discretion in sentencing. Concur—Rosenberger, J. P., Wallach, Kupferman, Nardelli and Williams, JJ.