■ In the Matter of SAM FENEQUE, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [675 NYS2d 868] —Ap-

peal from judgment, Supreme Court, New York County (Carol Huff, J.), entered on or about December 30, 1997, which denied this CPLR article 78 petition and sustained respondent's determination denying petitioner's parole release, unanimously dismissed as moot, without costs.

This proceeding challenges the determination made by the Parole Board after a hearing on July 16, 1996, which was affirmed upon administrative appeal by the Division of Parole on April 7, 1997. On June 9, 1998, petitioner appeared before the Board for his next regularly scheduled parole hearing, and we are advised that the Board once again, for a third time, refused parole.

The instant appeal is based entirely upon alleged error in the July 1996 proceedings. There can be no presumption that the deficiencies in the 1996 hearing, if any, have not been addressed at the most recent hearing in June 1998. But even if some or all of the alleged shortcomings were to subsist, we are unable to review what is not presented in the record before us.

In many ways, this procedural impasse leads to a frustrating outcome for an appellate tribunal and, of course, far more so for petitioner himself. We would simply express our view that petitioner's spotless disciplinary record, as well as his extraordinary academic achievements and rehabilitative efforts, would seem to merit another expedited hearing where the mitigating circumstances of defendant's crime might receive a more focused evaluation. Concur—Milonas, J. P., Ellerin, Wallach and Williams, JJ.