■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN ROCA, Appellant. [700 NYS2d 124] —Judgment, Supreme Court, Bronx County (Harold Silverman, J.), rendered May 14, 1998, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The existing record, viewed as a whole together with the reasonable inferences that may be drawn therefrom, establishes that defendant was present at robing room discussions with prospective jurors (see, People v Pena, 243 AD2d 337; People v Rivera, 225 AD2d 360, lv denied 88 NY2d 941). At the commencement of jury selection, the court, citing People v Antommarchi (80 NY2d 247), inquired as to whether defendant wished to be present at robing room discussions with prospective jurors. When defense counsel responded affirmatively, the court issued an explicit direction that defendant be brought into the robing room for such discussions. The court reporter's failure to note defendant's presence cannot be read, on this record, as signifying defendant's absence (see, People v Boddie, 226 AD2d 120, lv denied 88 NY2d 980). This is reinforced by the reporter failing to note defendant's presence at another conference where a statement from defendant himself is recorded.

The court properly exercised its discretion in rejecting defendant's request for a missing witness charge as to a "ghost" undercover officer and the arresting officer, neither of whom witnessed the sale of drugs, since defendant made no prima facie showing that either of these officers could provide material, non-cumulative testimony (see, People v Martinez, 262 AD2d 240). To the extent that they could know that no money or drugs were recovered from defendant, the court charged those as facts, thus removing them as issues, and defendant was permitted to argue this to the jury on summation. Concur—Rosenberger, J. P., Tom, Mazzarelli, Lerner and Rubin, JJ.