■ In the Matter of TERENCE BODDIE, Appellant, v NEW YORK STATE DIVISION OF PAROLE et al., Respondents. [735 NYS2d 781] —Appeal from order, Supreme Court, New York County (Bruce Allen, J.), entered on or about May 1, 2000, which denied petitioner's application to annul respondent's determination denying petitioner's request for parole release, unanimously dismissed as moot, without costs.

This proceeding challenges the determination made by the Parole Board after a hearing held on November 17, 1998, which was affirmed on appeal by the Division of Parole on July 19, 1999. On November 8, 2000, petitioner appeared before the Board for his next scheduled parole hearing and the Board, once again, denied parole. In view of petitioner's reappearance before the Parole Board, the instant appeal is moot and must be dismissed (see, Matter of Aviles v Travis, 282 AD2d 787; Matter of Feneque v New York State Div. of Parole, 252 AD2d 469). Concur—Ellerin, J.P., Lerner, Rubin, Buckley and Friedman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SPIGNER, Appellant. [735 NYS2d 780] —Order, Supreme Court, Bronx County (David Stadtmauer, J.), entered on or about December 12, 1996, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted. (See Anders v California, 386 US 738; People v Saunders, 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no non-frivolous points which could be raised on this appeal.

Pursuant to Criminal Procedure Law § 460.20, defendant has the right to apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within thirty (30) days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the judge or justice first applied to is final and no new application may thereafter be made to any other judge or justice. Concur—Ellerin, J.P., Lerner, Rubin, Buckley and Friedman, JJ.