■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN WIGGINS, Appellant. [758 NYS2d 26] —Judgment, Supreme Court, Bronx County (Alexander Hunter, J.), rendered February 10, 1999, convicting defendant, after a jury trial, of murder in the first degree, and sentencing him to life without the possibility of parole, unanimously modified, on the law, to vacate the sentence and remand for resentencing, and otherwise affirmed.

The verdict is supported by legally sufficient evidence that defendant committed the murder pursuant to an agreement by which his cousin would forgive a $2,000 debt (Penal Law § 125.27 [1] [a] [vi]). In view of defendant's conflicting versions of events as provided in three videotaped statements to the police, including his initial denial of even being at the scene, the jury could rationally conclude that his claim that he acted out of fear of his cousin was just another attempt to exculpate himself after finally admitting that he was the shooter. There is no question that the debt existed and was repeatedly brought up in the context of the cousin's request that defendant commit the murder; defendant acknowledged that his cousin held the debt over his head; and, after the murder, defendant complained that he and his mother could have paid off the debt, and did not tell his girlfriend that he was forced to shoot the victim. The jury could reasonably conclude from this evidence that defendant committed the murder in the expectation that

his debt would be forgiven, or, at the very least, that he would be given more time to repay the debt. Thus, that his cousin may have demanded repayment of the debt after the murder, when he needed bail money, does not require a contrary conclusion. Penal Law § 125.27 (1) (a) (vi) requires only an "expectation" of pecuniary benefit, not actual payment.

Nor did the court deprive defendant of a fair trial by precluding the purported declarations against penal interest made by the man whom defendant claimed, in his first two statements to the police, was the actual shooter. A declaration against penal interest should be admitted "only to the extent the statement is disserving to the declarant" (*People v Brensic*, 70 NY2d 9, 16 [1987]). Here, the declarant, in his statements both to a fellow inmate and to the District Attorney, denied that he had shot or intended to shoot the victim, and thus the statements were exculpatory as to the murder (*see People v Raife*, 250 AD2d 864 [1998], *lv denied* 92 NY2d 951 [1998]; *People v Valderrama*, 285 AD2d 902 [2001], *lv denied* 97 NY2d 659 [2001]). Moreover, as the trial court ruled, the reliability of the statements was in doubt since it could not be said that they pertained to this murder rather than some other incident.

Defendant's challenge to the court's handling of a jury note requesting a playback of defendant's videotaped statements was not preserved by objection (*see People v Starling*, 85 NY2d 509, 516 [1995]; *People v Davis*, 260 AD2d 726, 730 [1999], *lv denied* 93 NY2d 968 [1999]), and we decline to review it in the interest of justice. In addition, while the court stated that the note had previously been marked as an exhibit, the actual proceedings in that regard were apparently not recorded, precluding appellate review (*see People v Boddie*, 226 AD2d 120 [1996], *lv denied* 88 NY2d 980, 1067 [1996]).

Defendant's argument that the conviction must be overturned because the plain meaning of the term "more than eighteen years old" in Penal Law § 125.27 (1) (b) is 19 years or older is both unpreserved and without merit (*see People v Mower*, 280 AD2d 25, 28-29 [2001], *affd* 97 NY2d 239 [2002]; *People v Gatti*, 277 AD2d 1041 [2000], *lv denied* 96 NY2d 783 [2001]).

In sentencing defendant to life without parole, the court stated that it had "no other option" and that "my hands are tied." This was in fact not so. Pursuant to Penal Law § 60.06, the court had the option to sentence defendant to a life term of imprisonment with a minimum ranging from 20 to 25 years. Accordingly, we modify to vacate the sentence and remand for resentencing in accordance with the statutory scheme. We express no opinion as to the sentence to be imposed on remand.

We have considered defendant's other arguments and find them unavailing. Concur—Nardelli, J.P., Sullivan, Friedman, Marlow and Gonzalez, JJ.