■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN WIGGINS, Appellant. [806 NYS2d 496]—

Judgment of resentence, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), rendered September 22, 2003, convicting defendant, after a jury trial, of murder in the first degree, and resentencing him to a term of life without parole, modified, as a matter of discretion in the interest of justice, to reduce the sentence to a term of 25 years to life, and otherwise affirmed.

, We find nothing to indicate that the resentencing court misunderstood the purpose of the remand upon our prior modification (304 AD2d 322, 323 [2003], *lv denied* 100 NY2d 625 [2003]). However, we are empowered to reverse or modify a sentence, as a matter of discretion in the interest of justice, where we conclude that the sentence, "though legal, was unduly harsh or severe" (CPL 470.15 [6] [b]; *People v Thompson*, 60 NY2d 513, 519 [1983]). Moreover, we may exercise this power, "if the interest of justice warrants, without deference to the sentencing court" (*People v Delgado*, 80 NY2d 780, 783 [1992]). In our view, considering all the circumstances, the sentence was excessive, and the interest of justice will be adequately served by a reduction of the sentence to the extent indicated. Concur—Mazzarelli, Ellerin and Catterson, JJ.

Buckley, P.J., and McGuire, J., dissent in a memorandum by McGuire, J., as follows: The court properly exercised its discretion when it declined to articulate the factors it considered in imposing sentence. CPL 380.50 (3), upon which defendant relies, is clearly permissive, and the court was under no obligation to accede to defendant's request (see People v Hansen, 99 NY2d 339, 346 [2003]; People v McCalop, 119 AD2d 937 [1986]). This Court's prior modification (304 AD2d 322, 323 [2003], lv denied 100 NY2d 625 [2003]) called for a de novo resentencing, and nothing in the record indicates that the resentencing court misunderstood the purpose of the remand.

We perceive no basis for reducing the sentence. Although defendant portrays himself as a person of low intelligence who was pressured if not compelled by his cousin to commit the murder, there is substantial support in the record for a far different picture of defendant and his role in the murder of Tarik Brown. The court, having presided over the trial, well could have concluded that defendant willingly executed Tarik Brown at the behest of his cousin to discharge a debt, boasted of his crime and then offered varying stories to the police in an effort to minimize his culpability. Defendant's expressions of remorse at the resentencing proceeding stand in sharp contrast to his denial of any responsibility for the murder at the first sentencing proceeding. Although defendant was just over 18 years of age at the time of the crime, his victim was the father of two young children and was not much older than defendant.