[719 NYS2d 780]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GORDON M. MOWER, JR., Appellant.

Third Department, February 1, 2001

## APPEARANCES OF COUNSEL

*Carol M. Dillon,* Amsterdam, for appellant.

*Eliot Spitzer, Attorney General,* New York City (*Robin A. Forshaw* of counsel), for respondent.

## OPINION OF THE COURT

ROSE, J.

Defendant was indicted on two counts of murder in the first degree and two counts of murder in the second degree based on allegations that he intentionally shot and killed his parents on March 26, 1996 in the family's home in the Town of Richfield, Otsego County. Defendant was also indicted on several unrelated charges in Otsego and Herkimer Counties. On October 4, 1996, the last day of the 120-day period for filing a notice of intent to seek the death penalty (*see,* CPL 250.40), and without such notice having been filed, defendant entered a counseled plea of guilty of one count of murder in the first degree (Penal Law § 125.27 [1] [a] [viii]) in satisfaction of the four murder charges, all other pending indictments and uncharged crimes in this State, and charges pending in Texas. Supreme Court subsequently sentenced defendant to life imprisonment without parole. Defendant then appealed this judgment. More than three years later, defendant moved to vacate his conviction pursuant to CPL 440.10 and Supreme Court denied the motion. Defendant's appeal of this denial has now been consolidated with his 1996 direct appeal.

█ Defendant argues that his plea of guilty was the result of a mistake of law because the decision of the Court of Appeals in *Matter of Hynes v Tomei* (92 NY2d 613, *cert denied* 527 US 1015), which struck down the capital plea provisions in CPL 220.10 (5) (e) and 220.30 (3) (b) (vii), had the additional effect of removing the statutory authorization for a court to impose a sentence of life without parole except after conviction by a jury. Defendant's argument begins with Penal Law § 70.00 (5), which, in relevant part, provides that "[a] defendant may be sentenced to life imprisonment without parole only upon conviction for the crime of murder in the first degree as defined in section 125.27 of this chapter and in accordance with the

procedures provided by law for imposing a sentence for such crime." Defendant asserts that the only statutes providing "procedures" for imposing such a sentence are the two provisions struck down in *Matter of Hynes v Tomei (supra)* and CPL 400.27, and he claims the latter applies only to sentencing after a trial by jury.

Although CPL 400.27 sets forth the procedure for a separate proceeding for the jury to consider the death penalty where a defendant was convicted by a jury and the prosecution had timely filed a notice of intent to seek the death penalty, defendant's argument overlooks the provision that "[n]othing in this section shall be deemed to preclude the people at any time from determining that the death penalty shall not be sought in a particular case, in which case the separate sentencing proceeding shall not be conducted and the court may sentence such defendant to life imprisonment without parole" (CPL 400.27 [1]). As Supreme Court had the statutory authority to sentence defendant to life imprisonment without parole, and since the prohibition against pleas and plea negotiations during the pendency of a death penalty notice is not implicated here because no such notice was filed in this case (*see, Matter of Hynes v Tomei, supra; People v Edwards*, 274 AD2d 754), we find defendant's argument to be without merit.

■ Nor are we persuaded by defendant's claim that the Legislature's failure to define "same criminal transaction" as an aggravating factor as that phrase is used in Penal Law § 125.27 (1) (a) (viii) renders that statute unconstitutionally vague. We adopt the holding of the Second Department in *People v Reed* (265 AD2d 56, *lvs denied* 95 NY2d 832, 838, 859) and find that "Penal Law § 125.27 (1) (a) (viii) unambiguously proscribes multiple killings, which is 'specific conduct easily avoided by the innocent-minded. It should present no difficulty for a citizen * * * to comprehend that he * * * must refrain from [multiple killings]'" (*id.*, at 68, quoting *People v Nelson*, 69 NY2d 302, 307).

■ We also reject defendant's argument that Penal Law § 125.27 (1) (b) is unconstitutional due to its failure to define the phrase "more than eighteen years old," an express prerequisite to prosecution under that section. Defendant was born on April 25, 1977, turned 18 on April 25, 1995, and committed first degree murder on March 26, 1996. It is well understood that an individual concludes the "first eighteen years of life" on his or her eighteenth birthday and begins the "nineteenth year of life" on that day (*People v Davis*, 43 NY2d 17, 29, *cert denied*

435 US 998, 438 US 914). Accordingly, the statutory phrase "more than eighteen years old" is not unconstitutionally vague and includes persons such as defendant, who was 18 years and 11 months old at the time of the events charged in the indictment here.

■ Defendant also argues that the Grand Jury presentation was fatally defective. However, the evidence he sought to have presented was of the type tending only to mitigate his liability rather than absolve him entirely of guilt for the crimes (*see*, *People v Valles*, 62 NY2d 36, 38-39). Furthermore, in response to defendant's request that this Court review the propriety of the language used by the prosecutor in instructing the jury, we note that the prosecutor relayed the language of the statute verbatim. Thus, our review of the entire record reveals that the integrity of the Grand Jury process was not impaired and that defendant suffered no prejudice.

■ Finally, we reject defendant's contention that he was entitled to a heightened due process analysis during the guilt phase of his trial, as heightened scrutiny is required only in the penalty phase of a capital prosecution. Defendant's reliance on the 8th Amendment is also misplaced for, as the Court of Appeals has held, where a capital defendant has not yet been convicted, and thus is not exposed to a death sentence, the defendant is entitled to only "standard 14th Amendment due process" rather than review under the 8th Amendment (*People v Couser*, 94 NY2d 631, 636). Accordingly, we find that Supreme Court did not err in denying defendant's pretrial and posttrial applications.

MERCURE, J. P., CREW III and LAHTINEN, JJ., concur.

Ordered that the judgment and order are affirmed.