■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT E. GRIER, Appellant. [736 NYS2d 714] —Carpinello, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered June 18, 1999, upon a verdict convicting defendant of two counts of the crime of sodomy in the second degree.

Following a jury trial, defendant was convicted of two counts of sodomy in the second degree stemming from allegations that he twice engaged in deviate sexual intercourse with his paramour's grandson (hereinafter the victim) when the boy was 13 years old. He was sentenced to two consecutive 1 to 7-year indeterminate prison terms and now appeals. At trial, the victim unequivocally testified that defendant had anal intercourse with him while the two were alone in defendant's bedroom on two occasions during the summer of 1997.* Evidence was further adduced at trial that defendant gave oral and written statements to police admitting that he had anal sex with the victim on two occasions during the summer of 1997, albeit allegedly at the initiation of the victim and in the bathroom of his home.

Notwithstanding his statements to police, defendant took the stand at trial and denied the charges. He admitted that he signed the written statement but claimed initially that he was "unaware" of its contents. Later on in his testimony, defendant contrarily claimed that he was threatened by a particular police investigator "to make up a story and say that [he did] it twice," thus confirming his knowledge of the contents of the statement. Viewing the evidence in a light most favorable to the People (*see, People v Thompson*, 72 NY2d 410, 415), we are satisfied that there was legally sufficient proof at trial to support both convictions. Likewise, when viewed in a neutral light with due deference to the jury's credibility resolutions, we find that the verdict is by no means against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). Equally unavailing is defendant's remaining contention, namely, that the sentence imposed against him is harsh and excessive.

Mercure, J.P., Crew III, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.

---

* Defendant cannot now be heard to complain that the prosecutor asked the victim mostly leading questions as defense counsel consented to this format of questioning to avoid any reference to multiple other acts of apparent sexual abuse perpetrated against the victim by defendant but not charged in the indictment (*see generally, People v Somerville*, 249 AD2d 687, 690-691, *lv denied* 92 NY2d 931; *People v Redcross*, 246 AD2d 838, 839, *lv denied* 92 NY2d 859; *People v McGuinness*, 245 AD2d 701, 702).