*242
 
 OPINION OF THE COURT
 

 Graffeo, J.
 

 In this appeal of a first degree murder conviction where no notice to seek a sentence of death was filed, we address whether a defendant who never faced the death penalty and pleaded guilty may be sentenced to life imprisonment without the possibility of parole. We hold that he may.
 

 On March 27, 1996, Gordon and Susan Mower were found murdered in their Otsego County home where they resided with their 18-year-old son, defendant Gordon M. Mower. A warrant was issued for defendant’s arrest and he was soon apprehended in Texas. Defendant was extradited to New York and indicted for two counts of murder in the first degree based upon the intentional killing of his parents during the course of the same criminal transaction
 
 (see
 
 Penal Law § 125.27 [1] [a] [viii]), and two counts of intentional murder in the second
 

 
 *243
 
 degree (see Penal Law § 125.25 [1]).
 
 *
 
 Defendant also faced pending indictments on unrelated crimes in Otsego County as well as prosecution on other charges in Herkimer County and Texas.
 

 The People never filed a CPL 250.40 notice of intent to seek the death penalty. On the last day the notice could have been filed, defendant entered a plea and sentence agreement with the prosecution. Defendant withdrew his plea of not guilty and pleaded guilty to one count of murder in the first degree, in full satisfaction of all outstanding charges, in exchange for a negotiated sentence of life imprisonment without the possibility of parole. During the plea colloquy, defendant withdrew his omnibus motion, which included claims that certain provisions of the first degree murder statute were unconstitutionally vague and that the integrity of the Grand Jury proceeding was impaired.
 

 Defendant admitted that he had intentionally killed both of his parents, recounting how he grabbed a .22 caliber rifle, walked into his parents’ bedroom, took aim at his sleeping father and shot him multiple times in the head. Seconds later, he walked toward the hallway where he saw his mother standing by the bedroom door and shot her in the head. Supreme Court accepted defendant’s plea and imposed the agreed-upon sentence of life imprisonment without parole.
 

 Approximately two years later, relying on
 
 United States v Jackson
 
 (390 US 570 [1968]), this Court ruled that certain plea provisions of New York’s death penalty statute were unconstitutional and we invalidated sections 220.10 (5) (e) and 220.30 (3) (b) (vii) of the Criminal Procedure Law to alleviate the infirmity (see
 
 Matter of Hynes v Tomei,
 
 92 NY2d 613 [1998],
 
 cert denied
 
 527 US 1015 [1999]). About a year after the
 
 Hynes
 
 decision and while his direct appeal was pending before the Appellate Division, defendant initiated a CPL 440.10 proceeding to vacate his conviction on the ground that the constitutional infirmity identified in
 
 Hynes
 
 rendered his plea invalid and his sentence illegal. Supreme Court denied the application, finding that defendant could not obtain collateral relief on issues that should have been raised on direct appeal.
 

 After consolidating defendant’s direct and CPL 440.10 appeals, the Appellate Division affirmed. The Court reached the
 
 *244
 
 merits of defendant’s arguments, ruling that his sentence was valid, the phrases “same criminal transaction” (Penal Law § 125.27 [1] [a] [viii]) and “more than eighteen years old” (Penal Law § 125.27 [1] [b]) in the first degree murder statute were not unconstitutionally vague, the Grand Jury proceeding was not impaired, and defendant was not entitled to heightened due process scrutiny during the guilt phase of his proceedings. A Judge of this Court granted leave to appeal and we now affirm.
 

 Defendant’s challenge to the legality of his sentence, even though the product of a negotiated plea agreement, is reviewable because the right to be sentenced as provided by law creates a narrow exception to our Court’s preservation requirement
 
 (see People v Samms,
 
 95 NY2d 52, 56 [2000]) and cannot be waived or forfeited by a guilty plea
 
 (see People v Laureano,
 
 87 NY2d 640, 643 [1996];
 
 People v Francabandera,
 
 33 NY2d 429, 434 n 2 [1974]). Arguing that invalidation of CPL 220.10 (5) (e) and 220.30 (3) (b) (vii) in
 
 Hynes
 
 effectively eliminated any statutory authorization for a sentence of life imprisonment without parole upon a plea to murder in the first degree, defendant contends he is entitled to be resentenced to an indeterminate prison term of 20-to-25 years to life pursuant to Penal Law § 70.00 (3) (a) (i). Because the trial court’s sentencing authority is not derived from the plea provisions struck in
 
 Hynes,
 
 we disagree.
 

 Our statutory analysis begins with Penal Law § 60.06 which delineates three sentencing options for a first degree murder conviction and identifies the procedural mechanism for imposing those sentences. After an individual is convicted of murder in the first degree, the court must, in accordance with CPL 400.27, sentence the defendant to death, life imprisonment without the possibility of parole or an indeterminate term of imprisonment of from 20-to-25 years to life. Its counterpart, Penal Law § 70.00, authorizes the imposition of life imprisonment without parole only upon conviction for murder in the first degree and “in accordance with the procedures provided by law for imposing a sentence for such crime” (Penal Law § 70.00 [5]).
 

 Those procedures are codified in CPL 400.27, which instructs trial courts on the proper method of conducting the constitutionally mandated separate sentencing proceeding “upon conviction for the offense of murder in the first degree.” Subdivision (1) of CPL 400.27 states:
 

 “Nothing in this section shall be deemed to preclude
 
 *245
 
 the people
 
 at any time
 
 from determining that the death penalty shall not be sought in a particular case, in which case the separate sentencing proceed- » ing shall not be conducted and the court may sentence such defendant to life imprisonment without parole or to a sentence of imprisonment for the class A-I felony of murder in the first degree other than a sentence of life imprisonment without parole” (emphasis added).
 

 We are obligated, of course, to interpret these statutes in a manner that effectuates the intent of the Legislature
 
 (see People v Finnegan,
 
 85 NY2d 53, 58,
 
 cert denied
 
 516 US 919 [1995]). In this case, we can accomplish this goal without looking beyond the language employed in each of the pertinent provisions. The phrase “at any time” demonstrates that CPL 400.27 (1) applies to cases in which the People have declined to seek a death sentence, whether before or after expiration of the 120-day period for filing the CPL 250.40 notice. If the People do not pursue a death sentence, the sentencing authority that would otherwise be vested in the jury remains with the trial court
 
 (see
 
 CPL 400.27 [1]), which is specifically authorized to impose a sentence of life imprisonment without the possibility of parole
 
 (see
 
 Penal Law §§ 60.06, 70.00 [5]). Like Penal Law §§ 60.06 and 70.00 (5), CPL 400.27 applies to a first degree murder “conviction.” Because that term is defined in CPL 1.20 (13) as “the entry of a plea of guilty to, or a verdict of guilty upon, an accusatory instrument other than a felony complaint, or to one or more counts of such instrument,” it is clear that the authority to impose a sentence of life imprisonment without parole exists whether a defendant’s conviction is by guilty plea or jury verdict.
 

 Defendant also contends that his first degree murder conviction was affected by a mistake of law because he pleaded guilty pursuant to the statutory provisions later invalidated by this Court in
 
 Hynes
 
 and this rendered his negotiated guilty plea invalid. Although defendant couches his argument as a “voluntariness” challenge, he presents an issue of law founded on a federal constitutional principle established more than a quarter-century ago
 
 (see Jackson,
 
 390 US 570). Yet defendant did not raise this alleged constitutional infirmity before he pleaded guilty or was sentenced by Supreme Court, and it is therefore unpreserved
 
 (cf. People v Edwards,
 
 96 NY2d 445 [2001];
 
 Hynes,
 
 92 NY2d 613). Because defendant’s claim does not involve factual matters beyond the scope of the record or
 
 *246
 
 legal issues which could not have been asserted before the final judgment of conviction, it was not the proper subject of a CPL 440.10 motion
 
 (see
 
 CPL 440.10 [2] [c]; 470.05 [2];
 
 People v Cooks,
 
 67 NY2d 100, 104 [1986]). Nor does defendant allege a facial defect in his allocution that would permit this Court’s review notwithstanding his failure to preserve the issue
 
 (see People v Lopez,
 
 71 NY2d 662, 665-666 [1988]). Accordingly, this Court may not review defendant’s challenge to the validity of his guilty plea.
 

 Defendant’s remaining claims are either abandoned or forfeited. Two of defendant’s contentions are directed to the validity of the first degree murder statute: whether the “same criminal transaction” element of the “multiple murder” provision (Penal Law § 125.27 [1] [a] [viii]) and the requirement that a defendant must be “more than eighteen years old at the time of the commission of the crime” (Penal Law § 125.27 [1] [b]) are unconstitutionally vague. These arguments were abandoned by deféndant when he expressly withdrew all motions pending before Supreme Court, thereby precluding the creation of a record or a ruling subject to appellate review
 
 (see People v Callahan,
 
 80 NY2d 273, 282 [1992];
 
 People v Rodriguez,
 
 50 NY2d 553, 557-558 [1980]). Defendant’s challenge to the integrity of the Grand Jury proceeding, which was also asserted in the omnibus motion he retracted, was likewise abandoned, and is therefore unreviewable
 
 (see People v Fernandez,
 
 67 NY2d 686, 688 [1986]). Although Supreme Court had issued a ruling in connection with defendant’s request for “heightened due process” consideration, he forfeited his right to appeal this issue by pleading guilty
 
 (see People v Hansen,
 
 95 NY2d 227, 232-233 [2000];
 
 see generally People v Fuller,
 
 57 NY2d 152, 159 n 7 [1982]).
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
 

 Order affirmed.
 

 *
 

 During pretrial motion proceedings, the Otsego County District Attorney's office developed a conflict of interest due to personnel changes and the New York Attorney General assumed prosecution of the case pursuant to an Executive Order issued by the Governor
 
 (see
 
 Executive Law § 63 [2]).