OPINION OF THE COURT
Abraham G. Gerges, J.
The defendant previously moved to vacate the judgment and to vacate portions of the sentence. By order of this court dated February 25, 2002, the court denied the motion to vacate the judgment, denied the motion to vacate the order of restitution *249 and fine, held in abeyance pending receipt of briefs the issue of whether the civil penalty was legal and ordered a hearing on the defendant’s ability to pay. The defendant has withdrawn his claim of poverty and agreed to pay the restitution and the fine.[1] The sole remaining issue is the legality of the civil penalty.
Background
On July 1, 1999, the defendant was convicted of one count of offering a false instrument for filing in the first degree (Penal Law § 175.35), one count of false registration (Election Law § 17-104 [4]) and five counts of illegal voting (Election Law § 17-132 [3]). Prior to sentencing the Campaign Finance Board, among other requests, asked the court to impose a $10,000 civil fine on the defendant for a violation of the campaign finance law.
On October 18, 1999, the court sentenced the defendant. As part of the sentence, the court imposed a five thousand dollar civil penalty for a violation of the campaign finance law. At no time throughout this extended litigation has the defendant ever objected to the imposition of the civil penalty. Indeed on the current motion, the defendant never raised the issue. It is the court’s examination of the sentence that has brought this issue to the parties.
In this court’s February 25, 2002 decision, the court held:
“The issue of the illegality of a sentence may be raised at anytime, even if the defendant has consented to the sentence or failed to object to the sentence and cannot be waived or forfeited (People v Mower, 97 NY2d 239, 244 * * * ; People v Samms, 95 NY2d 52, 56; People v Letterlough, 86 NY2d 259, 263, n1; People v Seaberg, 74 NY2d 1, 9; People v Fuller, 57 NY2d 152, 156).”
Thus, the fact that the defendant’s silence can be deemed a tacit consent to an illegal sentence or a failure to object could be deemed to be a waiver of the defendant’s rights is of no legal consequence. A sentence that is illegal is jurisdictionally defective (id,.).[2]
Penal Law § 60.30 as is relevant reads as follows:
*250 “This article does not deprive the court of any authority conferred by law to decree a forfeiture of property, suspend or cancel a license, remove a person from office, or impose any other civil penalty and any appropriate order exercising such authority may be included as part of , the judgment of conviction.”
In this case none of the statutes of which the defendant was convicted provide for a civil penalty. While Penal Law § 60.30 authorizes a court to impose a civil penalty in conjunction with a criminal sentence, the court reads this statute as meaning that a civil penalty may be imposed in conjunction with a crime if the statute of which the defendant has been convicted provides for a civil penalty. The words in the statute “authority conferred by law” do not refer to any statute or law anywhere in the consolidated or unconsolidated laws of New York but refer to the statute or law of which the defendant has been convicted.[3]
Since the statutes of which the defendant was convicted do not provide for a civil penalty, Penal Law § 60.30 is inapplicable.
The defendant has never been tried or convicted of a violation of the campaign finance law. Although, the facts of this case may also establish a violation of the campaign finance law, the trier of facts was never asked to consider a violation of the campaign finance law. There has never been a summons and complaint, indictment, order to show cause or petition filed with this court alleging a violation of the campaign finance law. There has been no legal process ever served that would give this court jurisdiction over any violation of the campaign finance law. The letter sent to the court at the time of sentence is not a legal process authorizing the court to try and sentence the defendant.
Under these circumstance, the court finds that it never obtained jurisdiction over a violation of the campaign finance law. As such there was no basis for the court’s imposition of a civil penalty.[4]
*251 The motion to vacate the civil penalty is granted and the civil penalty is vacated.

. The defendant has submitted proof that he has paid the restitution and fine.

. The Campaign Finance Board’s collateral estoppel argument is rejected for this reason.

. For example, while the Vehicle and Traffic Law permits the court to impose the civil penalty of suspension of a driver’s license, this court could not have done so under the convictions in this case.

. The court has strong reservation whether Administrative Code of the City of New York § 3-711 authorizes the court to impose a civil penalty. A reading of the relevant sections indicates that the civil penalty of the Admin *251 istrative Code is to be imposed by the Campaign Finance Board, not the court. The Campaign Finance Board has in fact on other occasions imposed civil penalties. The Campaign Finance Board can ask the court to insure that its penalties are enforced.