■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON J. BEAUMONT, Appellant. [749 NYS2d 612] —Carpinello, J. Appeals (1) from a judgment of the County Court of Columbia County (Czajka, J.), rendered November 1, 2000, convicting defendant upon his plea of guilty of the crimes of rape in the second degree (three counts), sodomy in the second degree, sexual abuse in the second degree (four counts) and endangering the welfare of a child, and (2) by permission, from an order

of said court, entered April 5, 2002, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant was indicted on numerous counts stemming from his sexual contact with a 13-year-old girl. Prior to arraignment, defendant lodged a complaint against his assigned counsel with the Committee on Professional Standards. At his subsequent arraignment, however, defendant was unequivocal that he wanted his assigned counsel to continue to represent him. Thereafter, he changed his mind yet again and requested that new counsel be assigned. At a hearing on this request, County Court inquired regarding defendant's dissatisfaction with his counsel. Based upon defendant's inability to articulate any reason for his request, the court found that substitution was not warranted. After pleading guilty to all charges, defendant was sentenced to concurrent prison terms of 2 to 6 years on the four felony counts and concurrent terms of one year on the misdemeanor counts. Defendant now appeals from the judgment of conviction, as well as from the denial of his post-conviction motion to vacate the judgment.

Defendant challenges his conviction on numerous grounds, including the sufficiency of the indictment, the constitutionality of the statutes defining several offenses, the failure to substitute assigned counsel and the harshness of the sentences. However, the record in this matter demonstrates that defendant's guilty plea included a knowing, voluntary and intelligent waiver of his right to appeal, which precludes our consideration of the claimed deficiencies in the indictment (*see People v Vega*, 268 AD2d 686, 687, *lv denied* 95 NY2d 839) or the harshness of the sentences imposed (*see People v Hidalgo*, 91 NY2d 733, 737; *People v Sczepankowski*, 293 AD2d 212, 215-216). Were we to reach the sentencing issue, however, we would find nothing in the record to suggest that the sentences were an abuse of discretion or that extraordinary circumstances exist warranting their modification (*see People v Grier*, 290 AD2d 649, 649, *lv denied* 97 NY2d 755; *People v Dolphy*, 257 AD2d 681, 685, *lv denied* 93 NY2d 872).

We turn next to defendant's challenge to the statutes defining the crimes of rape in the second degree, sodomy in the second degree and sexual abuse in the second degree on equal protection grounds. According to defendant, they are constitutionally infirm because they either contained a marital excep-

tion or were not gender neutral.* While this claim survives his guilty plea (*see People v Lee*, 58 NY2d 491, 493; *People v Buyce*, 97 AD2d 632, 632), it is nonetheless unpreserved for our review, since it was not raised before the trial court (*see People v Mower*, 97 NY2d 239, 245; *People v Dozier*, 52 NY2d 781, 783; *People v Harris [Dahu] [D.]*, 288 AD2d 610, 618, *lvs granted* 97 NY2d 703, 705).

To the extent that defendant's claim of error in the refusal to substitute assigned counsel can be viewed as a claim of ineffective assistance in making that plea, which would survive waiver of the right to appeal (*see People v Seaberg*, 74 NY2d 1, 10; *People v Johnson*, 288 AD2d 501, 502; *People v Conyers*, 227 AD2d 793, 793, *lv denied* 88 NY2d 982), we find that defendant's request for new assigned counsel was properly denied. Although County Court made a thorough inquiry as to the reasons for defendant's dissatisfaction with his assigned counsel, defendant was unable to identify any specific inadequacies in that representation. Accordingly, County Court properly found that defendant had not made the required showing of good cause to warrant substitution (*see People v Sides*, 75 NY2d 822, 824; *People v Halpin*, 261 AD2d 647, 647, *lv denied* 93 NY2d 971). Furthermore, there is no indication that defendant's assigned counsel rendered less than meaningful representation or otherwise prejudiced defendant (*see Strickland v Washington*, 466 US 668; *People v Ford*, 86 NY2d 397, 405).

Finally, as regards defendant's motion to vacate the judgment of conviction, defendant maintains that a hearing on this motion was warranted due to new evidence that a key statement was perjured (*see* CPL 440.10 [1] [c]). Essentially, defendant alleges that the indictment against him was supported by a correction officer's perjured statement in order to "cover up" a jailhouse beating. We find no merit to this claim, particularly since the statement in question was made well after the grand jury acted to indict defendant.

Cardona, P.J., Peters, Spain and Rose, JJ., concur. Ordered that the judgment and order are affirmed.

---

* The 2000 amendments to these statutes, effective February 1, 2001, made Penal Law §§ 130.45 and 130.60 gender neutral and eliminated the marital exception to Penal Law § 130.30 (*see* L 2000, ch 1, §§ 33, 36, 40).