■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSE D. BOYCE, Appellant. [769 NYS2d 659]—

Spain, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered July 12, 2001, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.

Pursuant to a negotiated agreement, defendant pleaded guilty to attempted burglary in the second degree in satisfaction of a four-count indictment stemming from his conduct on July 17, 2000 in going to the apartment of a former girlfriend, assaulting her, then entering her apartment and removing certain items. As part of the plea, defendant unqualifiedly waived his right to appeal and was later sentenced to a prison term of 2¹/₂ years. Defendant now appeals contending, among other things, that his plea was involuntary and the sentence was harsh and excessive. We affirm.

At the outset, defendant's various challenges to the voluntariness of his plea are not preserved for our review given his failure to move to withdraw his plea or to vacate the judgment of conviction (*see People v Barclay*, 1 AD3d 705, 705-706 [2003]). Further, defendant's attempt to challenge an adverse aspect of County Court's suppression ruling, which otherwise suppressed his statement to police, is foreclosed by his general appeal waiver, which specifically included the withdrawal of all motions, as part of the negotiated plea (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Collier*, 232 AD2d 878, 878 [1996], *lv denied* 89 NY2d 863 [1996]; *People v Jandrew*, 101 AD2d 90, 91-92 [1984]). Also unavailing is his claim that the court imposed a three-year period of postrelease supervision without sufficiently answering his questions (*see* Penal Law § 70.45). In fact, the court fully advised defendant of this condition and

recessed to make a phone call to the parole board to obtain an answer to defendant's question (*cf. People v Goss*, 286 AD2d 180 [2001]), and the court's inability to answer a hypothetical question thereafter posed by defendant did not render his plea involuntary in any respect.

Likewise, defendant's contention that County Court misadvised him during the plea about whether he would face additional time for a pending misdemeanor charge in another county is meritless. As the People made clear, that charge was not covered by the plea agreement and the court openly stated that it did not know what the other District Attorney would do. With regard to defendant's contentions that he received ineffective assistance of counsel, they are unrelated to the voluntariness of his plea and are, thereby, foreclosed by his voluntary waiver of appeal (*see People v Porter*, 300 AD2d 698, 699 [2002], *lv denied* 100 NY2d 541 [2003]; *cf. People v Seaberg*, 74 NY2d 1, 10 [1989]).

Moreover, defendant's contention that he did not understand the ramifications of waiving his right to appeal does not withstand scrutiny. The transcript of the plea colloquy reflects that prior to accepting defendant's plea, County Court fully apprised him of the consequences of pleading guilty and the rights he was foregoing, including waiving his right to appeal, which the court clearly explained meant, "It ends here, you can't go to a higher court." Defendant stated that he understood and never raised any questions or expressed any uncertainty, thereafter pleading guilty. Defendant's statements to the court *after sentence was imposed* and his refusal to then sign the waiver of appeal form did not undermine the voluntariness or the effectiveness of the oral appeal waiver; in fact, defendant at that point conceded that he "had already agreed to it" as part of the plea agreement and never requested permission to withdraw his plea or moved to vacate the judgment of conviction.

Finally, in view of our finding that the plea allocution demonstrates a knowing, voluntary and intelligent guilty plea and waiver of appeal intended comprehensively to cover all aspects of this case, defendant's challenge to County Court's imposition of the lawful agreed-upon sentence is precluded (*see People v Allen*, 82 NY2d 761, 763 [1993]; *People v Seaberg, supra* at 8-10; *People v McDonald*, 295 AD2d 756, 757 [2002], *lv denied* 98 NY2d 711 [2002]; *see also People v Hidalgo*, 91 NY2d 733 [1998]). We have examined defendant's remaining claims and have determined that they are without merit.

Mercure, J.P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.