(January 22, 2004)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HUGHES, Appellant. [770 NYS2d 666]—

Rose, J. Appeal from a judgment of the County Court of Albany County (Rosen, J.), rendered September 14, 1999, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.

Defendant was charged in an indictment with several crimes after he and a codefendant allegedly entered the home of the victim, threatened him with a handgun and took $500. Thereafter, he pleaded guilty to criminal possession of a weapon in the second degree in satisfaction of all charges and waived his right to appeal. In accordance with the plea agreement, he was sentenced to nine years in prison to be followed by a 2½-year period of postrelease supervision.

Defendant now appeals contending, among other things, that he was coerced into entering the plea and, therefore, his waiver of appeal should not be enforced. Defendant, however, did not move to withdraw his plea or vacate the judgment of conviction, a necessary prerequisite to preserving this claim (*see People v Urbina*, 1 AD3d 717, 717 [2003]; *People v Smith*, 305 AD2d 853, 854 [2003], *lv denied* 100 NY2d 624 [2003]). In any event, even if we were to consider it, the record belies defendant's assertions of coercion and duress. County Court thoroughly explained to defendant all of the rights affected by a plea of guilty, including the waiver of the right to appeal. Defendant responded that he understood and stated that he was not pressured or forced into entering a plea. He then admitted that, on the date in

question, he possessed a loaded handgun and intended to use it on the victim. Under the circumstances presented, we find that the plea and waiver were knowingly, voluntarily and intelligently entered (*see People v Anderson*, 304 AD2d 975, 975-976 [2003], *lv denied* 100 NY2d 578 [2003]; *People v De Berardinis*, 304 AD2d 914, 915 [2003], *lv denied* 100 NY2d 580 [2003]).

Given defendant's voluntary waiver of the right to appeal, he has waived his remaining claims, including his challenge to the sentence as harsh and excessive (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]; *People v De Berardinis, supra* at 916).

Mercure, J.P., Crew III, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.