■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEODIS M. WILLIAMS, Appellant. [776 NYS2d 329]—

Spain, J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered June 26, 2002, convicting defendant upon his plea of guilty of the crime of robbery in the second degree.

Defendant pleaded guilty to robbery in the second degree and waived his right to appeal in satisfaction of an indictment also charging him with first degree robbery. Under the terms of the plea agreement, defendant was to be sentenced to a term of imprisonment in the range of 11 to 13 years, with up to five years of postrelease supervision. At sentencing, County Court imposed a prison term of 12¹/₂ years to be followed by a five-year period of postrelease supervision. Defendant appeals, and we affirm.

Initially, defendant's challenge to the voluntariness of his plea is unpreserved, as he neither moved to withdraw his plea nor to vacate the judgment of conviction, "a necessary prerequisite to preserving this claim" (*People v Hughes*, 3 AD3d 736, 736 [2004]; *see People v Harrington*, 3 AD3d 737, 738 [2004]). In fact, the sentencing minutes reflect that defendant had "extensive discussions" with defense counsel and decided not to

move to withdraw his plea. In any event, the plea colloquy demonstrates that County Court advised defendant of the terms of the plea, including the appeal waiver, and apprised him of his rights and the consequences of pleading guilty, eliciting that defendant understood, was not coerced and agreed to the plea offer terms in full. Defendant then admitted to participating in the forcible knife-point stealing of cash and valuables from the victim (*see* Penal Law § 160.10 [1]) and entered a guilty plea which was in all respects voluntary, knowing and intelligent (*see People v Hughes, supra*). Likewise, his claims seeking to avoid the waiver of the right to appeal are unpreserved and, in any event, belied by the record (*see People v Kirkland*, 2 AD3d 1063, 1063 [2003]; *see also People v Seaberg*, 74 NY2d 1, 10 [1989]).

Further, defendant pleaded guilty after a *Huntley* hearing but before a decision was rendered on his underlying motion, forfeiting all claims related to that pending motion (*see People v Fernandez*, 67 NY2d 686, 688 [1986]; *People v White*, 300 AD2d 830, 832 [2002], *lv denied* 99 NY2d 586 [2003]; *cf.* CPL 710.70 [2]). Indeed, at the plea colloquy defendant expressly withdrew all pending motions and was specifically advised that his guilty plea would waive his undecided *Huntley* motion. Also, defendant's general waiver of appeal forecloses arguments concerning adverse suppression rulings (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Boyce*, 2 AD3d 1208, 1209 [2003]).

Next, defendant argues that County Court erred in denying his request before the start of the *Huntley* hearing to appoint substitute counsel, a request based on the claim that he had never rejected and wanted to accept the lesser, preindictment plea offer and that defense counsel was not adequately representing him. However, having voluntarily pleaded guilty and waived his appeal rights but never moving to withdraw his plea or to vacate the judgment, defendant's challenges to the effectiveness of trial counsel or to the denial of substitute counsel are unpreserved for our review and are precluded by the appeal waiver, except to the extent that they impact upon the voluntariness of his plea (*see People v Shaw*, 306 AD2d 697, 698 [2003], *lv denied* 100 NY2d 645 [2003]; *People v Beaumont*, 299 AD2d 657, 659 [2002], *lv denied* 99 NY2d 580 [2003]; *see also People v Henning*, 2 AD3d 979 [2003]; *People v Johnson*, 288 AD2d 501, 502 [2001]). Upon review of the record, we discern no improvident exercise of discretion in the court's determination—following a careful inquiry in which counsel represented that defendant had rejected the preindictment offer and then unsuccessfully counterproposed a better offer and also rejected the higher postindictment plea offer—that " 'good cause for a

substitution' " of counsel was lacking (*People v Sides*, 75 NY2d 822, 824 [1990], quoting *People v Medina*, 44 NY2d 199, 207 [1978]; *see People v Beaumont, supra* at 659). Further, the record discloses that counsel made and pursued appropriate motions up until the plea, negotiated a lesser sentencing range and plea to a lower count, and vigorously represented defendant's interests. Counsel's frustration with defendant's statements to the contrary did not impact counsel's effectiveness, require substitution or undermine the voluntariness of defendant's plea (*see People v Shaw, supra* at 698). Significantly, during the plea colloquy defendant affirmed that he was satisfied with counsel's representation and had discussed the case and possible defenses with him, and no reason is presented to permit defendant to avoid the consequences of the voluntarily entered, negotiated plea agreement and appeal waiver (*see People v Callahan*, 80 NY2d 273 [1992]; *People v Seaberg, supra*).

Finally, given defendant's valid and unqualified appeal waiver, he is precluded from challenging as harsh and excessive the sentence, which was lawful and within the range negotiated (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]; *People v Boyce, supra* at 1209; *People v Leroy*, 308 AD2d 639, 639 [2003]). Defendant's remaining contentions are either unpreserved for our review or lacking in merit.

Peters, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.