■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN P. KEEBLER, Appellant. [789 NYS2d 547]—

Spain, J. Appeals (1) from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered March 29, 2002, convicting defendant upon his plea of guilty of the crimes of promoting a sexual performance by a child (two counts) and possession of a sexual performance by a child (four counts), and (2) by permission, from an order of said court, entered October 17, 2003, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Pursuant to a negotiated plea agreement which disposed of a 26-count indictment, defendant pleaded guilty to two counts of promoting a sexual performance by a child and four counts of possession of a sexual performance by a child and waived his right to appeal. The charges followed the discovery that defendant had operated a file server on his home computer containing graphic pornographic pictures of young children being subjected to sexual acts. Defendant advertised on various Internet sites and transferred and traded these images with other Internet users using a program which allowed access to his computer. Upon his plea, defendant received the agreed upon aggregate prison term of 5 to 15 years. Defendant's CPL article 440 motion to vacate the judgment was denied without a hearing. Defendant now appeals, raising a litany of issues which are unpreserved, were waived by his guilty plea or appeal waiver, or otherwise lack merit. Thus, we affirm.

Initially, while defendant's challenges to the voluntariness of his plea survive his appeal waiver (*see People v Seaberg*, 74 NY2d 1, 10 [1989]) and some were raised in his motion to vacate, they lack demonstrable merit. The plea colloquy reflects that after the prosecutor articulated the plea terms, County Court repeated them and apprised defendant of the rights he was foregoing and other consequences of a plea, eliciting that defendant was not being coerced or threatened, was not under the influence of any mind altering drugs or condition, and understood and agreed to the plea terms in full. Defendant then engaged in a detailed colloquy with the court and prosecutor in which he

unequivocally admitted the charged conduct, including possession and knowledge of the content of the pictures and the methods he employed to advertise and transfer these pictures depicting explicit sex acts by children. Defendant cogently answered all questions and expressed satisfaction with counsel. Defendant's claims of being rushed or coerced are either without credible support or belied by the record, which reflects that defendant's guilty plea was voluntary, knowing and intelligent (*see People v Kron*, 8 AD3d 908 [2004], *lv denied* 3 NY3d 708 [2004]; *People v Williams*, 6 AD3d 746, 747-748 [2004], *lv denied* 3 NY3d 650 [2004]), and the failure to advise him that he would be required to register as a sex offender did not undermine the voluntariness of his plea (*see People v Clark*, 261 AD2d 97, 100 [2000], *lv denied* 95 NY2d 833 [2000]).

Defendant's claims seeking to avoid the appeal waiver are unpreserved, defendant having failed to raise them in his motion to vacate the judgment or to move to withdraw his plea (*see People v Williams, supra* at 746; *see also People v Mayers*, 74 NY2d 931, 931 [1989]). In any event, while County Court did not conduct the type of inquiry suggested in *People v Seaberg* (*supra* at 11), the plea colloquy provides ample basis upon which to conclude that defendant understood that, as part of the negotiated plea, he was waiving his right to appeal the judgment and sentence and that his waiver was knowing, intelligent and voluntary (*see id.*; *see also People v Moissett*, 76 NY2d 909, 911-912 [1990]; *cf. People v DeSimone*, 80 NY2d 273, 283 [1992]).

Turning to defendant's other arguments, his claim that his statement to police should have been suppressed was forfeited by his guilty plea and was not preserved for appeal, as no motion was ever made in County Court (*see* CPL 710.70 [2], [3]; *People v Rizzo*, 5 AD3d 924, 925 [2004], *lv denied* 3 NY3d 646 [2004]). While defendant's assertion that his mental competency should have been evaluated before his entry of a plea is reviewable notwithstanding his appeal waiver (*see People v Callahan*, 80 NY2d 273, 280 [1992]; *People v Armlin*, 37 NY2d 167, 172 [1975]), and was alluded to but not substantiated in his CPL article 440 motion, nothing in defendant's actions or remarks during the plea colloquy or otherwise in the record called into doubt the presumption of competency (*see* CPL 730.30 [1]; *People v Gelikkaya*, 84 NY2d 456, 460 [1994]; *People v Armlin, supra* at 171; *People v Kron, supra* at 908-909). Given the foregoing and the very favorable plea agreement, neither the fact that trial counsel had not yet moved to suppress defendant's statement (*see People v Whitted*, 12 AD3d 840, 841 [2004]; *People v Ward*, 2 AD3d 1219, 1219-1220 [2003], *lv denied* 2 NY3 808

[2004]), nor counsel's failure to move for a competency hearing (*see People v Gambaccini*, 2 AD3d 1065, 1066 [2003], *lv denied* 2 NY3d 739 [2004]) nor any of defendant's other claims, amounted to a denial of meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]).

Next, defendant's challenge to the constitutionality of the statute to which he pleaded guilty, i.e., Penal Law § 263.15, premised upon the claim that there is no proof that the children were real as opposed to computer generated, is unpreserved, as it was not raised before he pleaded guilty or was sentenced (*see People v Mower*, 97 NY2d 239, 245-246 [2002]; *People v Beaumont*, 299 AD2d 657, 658-659 [2002], *lv denied* 99 NY2d 580 [2003]).[1] Also "[b]ecause defendant's claim does not involve factual matters beyond the scope of the record or legal issues which could not have been asserted before the final judgment of conviction, it was not the proper subject of a CPL 440.10 motion" (*People v Mower, supra* at 245-246).[2] In any event, assuming such an underlying constitutional challenge falls within the narrow category of claims which survive a valid appeal waiver (*see People v Seaberg, supra* at 9; *see also People v Muniz*, 91 NY2d 570, 574-575 [1998]; *People v Allen*, 86 NY2d 599, 602-603 [1995]; *People v Callahan, supra* at 280), a proposition we find doubtful, defendant's challenge is utterly devoid of merit. Penal Law § 263.15 has withstood a facial constitutional overbreadth challenge (*see New York v Ferber*, 458 US 747, 773 [1982]; *People v Foley*, 94 NY2d 668, 684-685 [2000], *cert denied* 531 US 875 [2000]) and, under the case-by-case analysis employed to review claims of over-breadth as-applied (*see New York v Ferber, supra* at 773-774; *People v Foley, supra* at 685), defendant's claims are so lacking in merit as to border on frivolous.

Defendant's argument that imposition of the agreed-upon sentence was harsh and excessive is, of course, precluded by his valid appeal waiver (*see People v Clow*, 10 AD3d 803, 804 [2004]). While his contention directed at the legality of the sentence is nonwaivable (*see People v Seaberg, supra* at 9),

---

**1.** To the extent that defendant challenges the sufficiency of the indictment, it is unpreserved (*see People v Stabb*, 9 AD3d 738, 739 [2004], *lv denied* 3 NY3d 712 [2004]) and precluded by the appeal waiver (*see People v Beaumont, supra* at 658), as is any challenge to the sufficiency of the evidence before the grand jury (*see People v Lynch*, 256 AD2d 651 [1998], *lv denied* 93 NY2d 1004 [1999]).

**2.** Defendant's reliance on *Ashcroft v Free Speech Coalition* (535 US 234 [2002]) is misplaced, as it involved materially distinguishable federal criminal statutes which proscribed, outright, computer-generated or virtual images of child pornography.

County Court lawfully imposed consecutive sentences on counts one and seven, each pertaining to separate and distinct incidents in which he violated Penal Law § 263.15, occurring in different, specified months, albeit part of a single, ongoing course of conduct pursued by defendant upon setting up his file sharing program (*see* Penal Law § 70.25 [2]; *see also People v Laureano*, 87 NY2d 640, 643 [1996]). Defendant admitted as much during the plea colloquy.

Defendant's remaining claims, including those raised in his pro se brief, addressed to the direct appeal and the motion to vacate, are either unpreserved or foreclosed by his appeal waiver, and also lack any merit. Defendant's pro se challenges to the adequacy of appellate counsel can only be entertained in a common-law coram nobis proceeding (*see People v Bachert*, 69 NY2d 593, 595-596 [1987]; *People v Perry*, 4 AD3d 618, 620 [2004], *lv denied* 2 NY3d 804 [2004]).

Mercure, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment and order are affirmed.

