■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID J. SANTALUCIA, Appellant. [797 NYS2d 590]—

Spain, J.P. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered July 24, 2002, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.

Defendant was indicted and charged with criminal possession of a controlled substance in the third and fourth degrees. Prior to the commencement of a Dunaway/Mapp/Huntley hearing, defendant was offered a prison term of 4½ to 9 years which would be withdrawn once the suppression hearing began. After confer-

ring with his attorney, defendant pleaded guilty to criminal possession of a controlled substance in the fourth degree, acknowledging that he had an opportunity to speak with his attorney and was satisfied with his representation. The colloquy reflects that defendant understood that he was giving up certain rights associated with a jury trial, acknowledged that he was not forced or threatened into pleading guilty, and specifically understood that he was giving up his right to a suppression hearing. County Court also elicited an appeal waiver from defendant, and defendant admitted that he possessed more than one eighth of an ounce of cocaine. Sentenced as a second felony offender in accordance with the plea agreement to a prison term of $4^{1}/_{2}$ to 9 years, defendant appealed. This Court rejected a previous *Anders* brief (9 AD3d 740 [2004]), new counsel was assigned, and we now affirm.

Defendant's challenge to the voluntariness of the plea, while not encompassed by his waiver of the right to appeal, is not preserved for our review inasmuch as he did not move to withdraw the plea or vacate the judgment of conviction (*see People v Hughes*, 3 AD3d 736, 736 [2004]; *People v Ward*, 2 AD3d 1219, 1219 [2003], *lv denied* 2 NY3d 808 [2004]). Even considering defendant's challenge, we find that the plea was in all respects knowingly, voluntarily and intelligently entered (*see People v Willis*, 3 AD3d 793, 793-794 [2004], *lv denied* 2 NY3d 766 [2004]; *People v Hughes, supra* at 736). The fact that County Court would not extend the offer once the suppression hearing began does not support the inference that the plea was coerced (*see People v Coleman*, 8 AD3d 825, 826 [2004]).

Defendant's assertion that his arrest was unlawful does not survive his knowing and intelligent guilty plea and unqualified waiver of the right to appeal (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Allen*, 82 NY2d 761, 763 [1993]; *People v Moissett*, 76 NY2d 909, 911 [1990]; *People v Fernandez*, 67 NY2d 686, 688 [1986]; *People v Atwood*, 9 AD3d 512, 513 [2004]). Moreover, defendant was specifically advised that his plea would waive his right to a suppression hearing (*see People v Williams*, 6 AD3d 746, 747 [2004], *lv denied* 3 NY3d 650 [2004]). Similarly, his challenge to the sentence, which was imposed exactly as agreed in the plea, does not survive his waiver of appeal (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]; *People v Kalenak*, 2 AD3d 902, 903 [2003], *lv denied* 1 NY3d 629 [2004]; *People v Bier*, 307 AD2d 649, 651 [2003], *lv denied* 100 NY2d 618 [2003]).

We have reviewed defendant's remaining claims, including those raised in his pro se submission, and find that they are precluded by his valid appeal waiver and otherwise lack merit.

Carpinello, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.