■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TEDDY FAISON, Appellant. [847 NYS2d 527]—

Order, Supreme Court, New York County (Renee A. White, J.), entered on or about June 20, 2006, which adjudicated defendant a level three sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

The guidelines of the Board of Examiners of Sex Offenders provide for assessment of additional points against a sex offender who began committing sex offenses at a young age. Specifically, a sex offender may receive 10 points if his or her first sex crime occurred at "age 20 or less." Defendant, who was 20 years and 9 months old at the time of the offense at issue, contends that he was improperly assessed points under that risk factor, resulting in a point score that rendered him a level three sex offender. He argues that a person is "age 20 or less" only until his or her twentieth birthday.

By assessing points against defendant under this risk factor, the Board implicitly interpreted its own regulations to include a 20 year old within the category of persons "age 20 or less," and "an administrative agency's construction and interpretation of its own regulations and of the statute under which it functions is entitled to the greatest weight" (*Matter of Herzog v Joy*, 74 AD2d 372, 375 [1980], *affd* 53 NY2d 821 [1981]). Moreover, a person who is between his or her twentieth and twenty-first

birthdays would normally be regarded as being age 20 (*see People ex rel. Makin v Wilkins,* 22 AD2d 497, 497 [1965] [child aged 10 years and 3 months included in statutory category of children "of the age of ten years or under"]).

Defendant relies on cases interpreting the phrase "more than eighteen years old" contained in Penal Law § 125.27 (1) (b) as including 18 year olds, on the ground that such persons have passed their eighteenth birthdays and, thus, become more than 18 (*see e.g. People v Mower,* 280 AD2d 25, 28-29 [2001], *affd* 97 NY2d 239 [2002]). We find such cases to be inapplicable because of the difference between the phrases "age [x] or less," and "more than [x] years old." We have considered and rejected defendant's remaining arguments. Concur—Tom, J.P., Andrias, Gonzalez and Sweeny, JJ.