*102 OPINION OF THE COURT
Memorandum.
Ordered that the order is reversed, on the law, the branch of defendant’s motion seeking to dismiss the accusatory instrument is denied, the accusatory instrument is reinstated, and the matter is remitted to the District Court for the determination of the remaining branches of defendant’s omnibus motion and for all further proceedings.
Defendant was charged in an information with a violation of Nassau County’s Social Host Law (Nassau County Local Law 13-2007 [enacting Miscellaneous Laws tit 64]) § 4 (a) which, in pertinent part, provides:
“It shall be unlawful for any person over the age of eighteen who owns, rents, or otherwise controls a private residence, to knowingly allow the consumption of alcohol or alcoholic beverages by any minor on such premises or to fail to take reasonable corrective action upon learning of the consumption of alcohol or alcoholic beverages by any minor on such premises.” (Emphasis added.)
The factual portion of the information alleged that
“your deponent while on patrol received an assignment for underage drinking and a fire at 105 Woodhill La, Flower Hill. Upon arrival, I heard youths screaming and yelling in the rear yard and I observed 17 teenagers; 75 empty beer cans and one teenager (17 years old) consuming a 12 oz. can of bud light. I identified myself and asked who the homeowner was. The defendant identified himself as the homeowner. He stated he was having a [sic] 18th birthday party for one of the girls. I asked where all the alcohol came from and he stated ‘People just brought the beer[.]’ I asked him if anyone was 21 years or older and the defendant stated ‘No[.]’ All 17 teenagers were identified as being under the age of 21 years old. The defendant was properly identified as 18 years old with a date of birth of xx/xx/1990.”
In an omnibus motion dated July 13, 2009, defendant, in relevant part, sought the dismissal of the information pursuant to CPL 100.15 and 100.40. In an affirmation submitted in support of the motion, defense counsel contended that the information failed to allege a necessary element of the offense: that the accused was “over the age of eighteen” at the time of the offense. Defense counsel further argued that according to the facts al *103 leged in the accusatory instrument, defendant was only 18 years old at the time of the offense, thereby rendering him ineligible for prosecution.
The People submitted an affirmation in opposition to defendant’s motion, asserting, among other things, that the phrase “over the age of eighteen” applies to defendant, because he was 18 years old at the time of the incident, and courts of this state and other states have consistently interpreted the term “over” a certain age in statutory language to include the entire year of the specified age.
In an order entered October 19, 2009, the District Court granted the branch of defendant’s omnibus motion seeking to dismiss the accusatory instrument. This appeal by the People ensued.
General rules of statutory construction dictate that a statute be construed “according to its natural and most obvious sense, without resorting to an artificial or forced construction” (see McKinney’s Cons Laws of NY, Book 1, Statutes § 94). In the instant case, the most natural understanding of the phrase “over the age of eighteen” includes individuals, like defendant, who have passed their eighteenth birthday. Indeed, “[i]t is well understood that an individual concludes the ‘first eighteen years of life’ on his or her eighteenth birthday arid begins the ‘nineteenth year of life’ on that day” (see People v Mower, 280 AD2d 25, 28 [2001], affd 97 NY2d 239 [2002]). Moreover, as the People contend, the courts of this State have used the terms “more than age [x]” and “over the age [x]” interchangeably when referring to individuals who have passed their [x]th birthday (see People v Mower, 280 AD2d at 28-29, citing People v Davis, 43 NY2d 17, 29 [1977]). Therefore, consonant with this State’s accepted understanding that a person who has passed his or her [x]th birthday is “over the age of [x],” Nassau County’s Social Host Law should be read as applying to individuals who have passed their eighteenth birthday.
Accordingly, the order is reversed, the branch of defendant’s motion seeking to dismiss the accusatory instrument is denied, the accusatory instrument is reinstated, and the matter is remitted to the District Court for determination of the remaining branches of defendant’s omnibus motion and for all further proceedings.
Nicolai, RJ., Tanenbaum and LaCava, JJ., concur.