People v Reese (2022 NY Slip Op 04194)

People v Reese

2022 NY Slip Op 04194

Decided on June 30, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 30, 2022

112298
[*1]The People of the State of New York, Respondent,
v
Dennis Reese, Appellant.

Calendar Date:May 31, 2022

Before:Garry, P.J., Egan Jr., Clark, Aarons and McShan, JJ.

Eric M. Galarneau, Albany, for appellant.
David J. Clegg, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.

Egan Jr., J.
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered May 28, 2019, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
Defendant and codefendant, his wife, were charged in a 14-count indictment with various drug and weapons offenses. In satisfaction of the charges against him, defendant pleaded guilty to criminal possession of a weapon in the second degree and waived his right to appeal upon the understanding that County Court would sentence him to five years in prison to be followed by five years of postrelease supervision. The charge to which defendant pleaded guilty was premised upon his possession of a loaded handgun in his home and the inapplicability of the "home or place of business" exception due to his prior conviction (Penal Law § 265.03 [3]; see Penal Law § 265.02 [1]). As the indictment was not accompanied by a special information that alleged defendant's prior conviction, County Court adjourned the plea proceedings to allow the People to belatedly file that information. After the information was filed, defendant declined the opportunity to withdraw his plea due to the irregularity and admitted that he had previously been convicted of a crime as alleged.
At sentencing, as a result of County Court questioning defendant and codefendant regarding their respective knowledge of and involvement in the offenses charged in the indictment, defendant stated that the handgun at issue was his and that he kept it unloaded in his bedstand drawer. County Court thereafter imposed a sentence lower than that which it had promised, namely, 3½ years in prison to be followed by five years of postrelease supervision. Defendant appeals.
Defendant first challenges the constitutionality of the statute to which he pleaded guilty, Penal Law § 265.03 (3), arguing that the procedure for establishing the fact of a prior conviction under that statute violated his right to a jury trial. To the extent that argument survives defendant's unchallenged appeal waiver, it is unpreserved due to his failure to raise the issue before County Court (see People v Mower, 97 NY2d 239, 245-246 [2002]; People v Keebler, 15 AD3d 724, 727 [2005], lv denied 4 NY3d 854 [2005]; People v Beaumont, 299 AD2d 657, 659 [2002], lv denied 99 NY2d 580 [2003]). As a defendant's prior conviction is not an element of Penal Law § 265.03 (3) (see People v Jones, 22 NY3d 53, 59-60 [2013]) and there would be "no constitutional right to a jury trial to establish the facts of" that conviction if it were, defendant's contention that the purported error led to other defects and affected the mode of proceedings so as to excuse the preservation requirement is meritless (People v Rosen, 96 NY2d 329, 335 [2001], cert denied 534 US 899 [2001]; see Apprendi v New Jersey, 530 US 466, 489-490 [2000]; Almendarez-Torres v United States, 523 US 224, 243-244 [1998]; People v Prindle, 29 NY3d 463, 466 [2017], cert [*2]denied ___ US ___, 138 S Ct 514 [2017]).
Defendant's further attack on the voluntariness of his guilty plea survives his appeal waiver, but is unpreserved for our review given his apparent failure to avail himself of the opportunity to make an appropriate postallocution motion (see People v Nack, 200 AD3d 1197, 1198 [2021], lv denied 38 NY3d 1009 [2022]; People v Daniels, 193 AD3d 1179, 1180 [2021]). As we agree with defendant that he made statements "at sentencing that negated an element of the charged crime, were inconsistent with his guilt or otherwise called into question the voluntariness of his plea," however, the narrow exception to the preservation requirement is implicated here (People v Nack, 200 AD3d at 1198).
In that regard, Penal Law § 265.03 (3) requires the possession of a "loaded firearm," meaning "an operable gun with either live ammunition in the gun or held on [the defendant's] person" with the gun (People v Meridy, 196 AD3d 1, 5 [2021] [emphasis omitted], lv denied 37 NY3d 973 [2021]; see Penal Law § 265.00 [15]; People v Gordian, 99 AD3d 538, 538 [2012], lv denied 20 NY3d 1061 [2013]). Notwithstanding the People's attempts to claim otherwise, defendant negated that element at sentencing when he stated that the handgun in question was in his bedstand drawer, not on his person, and that it "wasn't loaded." At that point, it was incumbent upon County Court to either "conduct a further inquiry or give . . . defendant an opportunity to withdraw the plea" (People v Chin, 160 AD3d 1038, 1039 [2018] [internal quotation marks and citation omitted]; accord People v Brassard, 166 AD3d 1312, 1313 [2018]; see People v Skyers, 173 AD3d 1565, 1566 [2019]). County Court did neither and, thus, the judgment must be reversed and the matter remitted for further proceedings (see People v Skyers, 173 AD3d at 1566-1567; People v Brassard, 166 AD3d at 1313; compare People v Wilkes, 160 AD3d 1491, 1491-1492 [2018], lv denied 31 NY3d 1154 [2018]).
Garry, P.J., Clark, Aarons and McShan, JJ., concur.
ORDERED that the judgment is reversed, on the law, and matter remitted to the County Court of Ulster County for further proceedings not inconsistent with this Court's decision.