People v Oliveira (2025 NY Slip Op 06933)

People v Oliveira

2025 NY Slip Op 06933

Decided on December 11, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 11, 2025

CR-24-0383
[*1]The People of the State of New York, Respondent,
v
Nivaldo P. Oliveira, Appellant.

Calendar Date:October 7, 2025

Before:Garry, P.J., Lynch, Ceresia, Fisher and Mackey, JJ.

Craig Meyerson, Peru, for appellant.
Jennifer L. Buckley, Acting District Attorney, Ballston Spa (Jesse L. Ashdown of counsel), for respondent.

Garry, P.J.
Appeal from a judgment of the County Court of Saratoga County (Chad Brown, J.), rendered August 1, 2022, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.
Defendant was charged by a 20-count indictment with, among other crimes, burglary, criminal possession of a weapon, kidnapping, endangering the welfare of a child, harassment and stalking. In full satisfaction of the indictment, defendant pleaded guilty to one count of burglary in the second degree and agreed to waive his right to appeal. In accordance with the terms of the plea agreement, County Court sentenced defendant to a prison term of five years, with credit for time served, to be followed by five years of postrelease supervision, and signed orders of protection in favor of the victims. Defendant appeals.
Regardless of the validity of defendant's appeal waiver, he has completed his term of incarceration and, as a result of being deported, he is not serving postrelease supervision, rendering his challenge to the severity of his sentence moot (see People v Pena, 129 AD3d 600, 601 [1st Dept 2015], lv denied 26 NY3d 933 [2015]; see generally People v Peters, 238 AD3d 1391, 1393 [3d Dept 2025]).[FN1] Defendant's challenge to the voluntariness of his plea survives without regard to the purported appeal waiver but is unpreserved for our review, as the record does not reflect that he made an appropriate postallocution motion despite having the opportunity to do so prior to sentencing (see People v Moses, 236 AD3d 1201, 1202 [3d Dept 2025]; People v DePace, 235 AD3d 1179, 1180 [3d Dept 2025]). Contrary to defendant's contention, neither his statements during the plea proceeding nor those made after his sentence had been imposed triggered the narrow exception to the preservation requirement (see People v Pastor, 28 NY3d 1089, 1090 [2016]; People v Lopez,71 NY2d 662, 666 [1988]; cf. People v Boyce, 2 AD3d 1208, 1209 [3d Dept 2003], lv denied 2 NY3d 737 [2004]). Defendant's law of the case argument, concerning one of the orders of protection entered against him, is also unpreserved (see generally People v Hunt, 176 AD3d 1253, 1254-1255 [3d Dept 2019]). In any event, because the record makes clear that defendant consented to the order of protection as part of his plea agreement, we would nevertheless find his argument to be unavailing (see generally People v Evans, 94 NY2d 499, 502-504 [2000]).
Defendant's remaining contentions have been reviewed and determined to be without merit.
Lynch, Ceresia, Fisher and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: To the extent that defendant seeks to have the orders of protection vacated in the interest of justice as part of his challenge to the severity of his sentence, we conclude that those orders, although issued at the time of sentencing, "were not a part of defendant's sentence" and, therefore, cannot be considered as part of his challenge to the severity of that sentence (People v Nieves, 2 NY3d 310, 316 [2004]; see People v Buyund, 37 NY3d 532, 538-539 [2021]; People v Hunt, 176 AD3d 1253, 1254-1255 [3d Dept 2019]).